

FILED

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DERRICK MARTIN, | No. 10-17754 |
| Plaintiff - Appellant, | D.C. Nos.   2:06-cv-02302-JAT |
| | 2:02-cr-00155-JAT-3 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted December 8, 2011[**]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and GEORGE, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for Nevada, sitting by designation.

John Derrick Martin appeals the district court's denial of his § 2255 ineffective assistance of counsel habeas petition. We affirm.[1]

To prevail in a claim for ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Martin has done neither. Martin's claim that his counsel should have cross-examined Agent Goodman on Goodman's "previous history" with Martin fails because Martin had no previous history with Agent Goodman, and indeed Martin appears to conflate Agent Goodman with Officer Donegan of the Nashville Police Department. Martin's claim that counsel's failure to go to Nashville to investigate the scene of the crime fails because his trial lawyer stated in an affidavit that he had ample photographic and video evidence of the scene as well as reports from the government witnesses, all of which counsel reviewed thoroughly. Considering the evidence the government had against Martin, the district court correctly concluded that Martin's counsel did not provide ineffective assistance by failing to investigate in person. Moreover, it was not an abuse of discretion for the

---

[1] Because the parties are familiar with the facts of the case, we repeat them here only as necessary to explain our decision.

district court to deny an evidentiary hearing on these claims because the claims were vague, speculative, and conclusory.

**AFFIRMED.**